UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARLENE K. GINTER,<br><br>                    Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                    Defendant. | CASE NO.  C10-5136-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 4, 2011 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4); and, as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed. (See ECF Nos. 11, 20, 22.)

After considering and reviewing the record, the undersigned finds that the ALJ erred by failing to consider properly the lay evidence and the medical evidence. ALJ Schellentrager did not discuss explicitly the lay evidence, and did not explain the weight she gave to the opinion by the state agency medical consultants. The undersigned recommends that this matter be reversed and remanded for further consideration by the Administration.

## BACKGROUND

Plaintiff was born on May 23, 1955. (Tr. 127.) Plaintiff testified that she received an Associate's Degree in general studies in 1992. (Tr. 848.) In her first hearing, before Administrative Law Judge David Delaittre (hereinafter "ALJ Delaittre"), plaintiff testified to prior work as a flagger, which she alleges was disrupted in part due to her migraines (Tr. 817-18), as well as back pain (Tr. 819-24, 846). Plaintiff alleges a disability onset date of July 1, 2003. (Tr. 846.) Plaintiff had some work attempts during the relevant period of alleged disability, including approximately two weeks as a flagger in July, 2004. (Id.)

## PROCEDURAL HISTORY

On April 5, 2004, plaintiff applied for Supplemental Security Income and Disability Insurance Benefits. (Tr. 127, 603.) Plaintiff was denied initially and on reconsideration. (Tr. 46-47, 76-78, 82-83, 613-20.) Plaintiff requested a hearing, which was held on July 18, 2007. (Tr. 84, 803-41.) Plaintiff was found "not disabled" in an August 3, 2007 decision by ALJ DeLaittre. (Tr. 48-63.) On December 21, 2007, the Appeals Council reversed this August 3, 2007 decision and remanded the case to another Administrative Law Judge (hereinafter "ALJ"). (Tr. 69-72, 653-56.) The Appeals Council found that the opinions of Drs. Cosgrove and Powell were not addressed adequately in the decision by ALJ DeLaittre. (Tr. 70). The Appeals Council also concluded that additional medical evidence was necessary in order to clarify the nature and severity of plaintiff's mental impairments. (Id.)

On August 13, 2008, ALJ Marguerite Schellentrager (hereinafter "ALJ Schellentrager") held a video hearing on plaintiff's case. (Tr. 842-75.) On September 16, 2008, ALJ Schellentrager found plaintiff "not disabled" in a written decision. (Tr. 29-38.) ALJ Schellentrager made specific findings in the decision. (Id.)

ALJ Schellentrager found that plaintiff had not engaged in substantial gainful activity since July 1, 2003, the alleged onset date of her disability (Tr. 29, 31.) During step two in the sequential disability determination, ALJ Schellentrager found that plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; headaches; hypertension; obesity; right eye visual impairment; depressive disorder, not otherwise specified; anxiety disorder, not otherwise specified; cannabis abuse; and, borderline personality features. (Tr. 31.) ALJ Schellentrager discussed some of the factual and clinical evidence at this stage of the sequential disability evaluation. (Tr. 32-33.)

At step three of the sequential disability evaluation, ALJ Schellentrager found that plaintiff's impairments or combination of impairments did not meet or medically equal the requirements of a listed impairment. (Tr. 33-34.) ALJ Schellentrager determined that plaintiff had the residual functional capacity to perform work at a light exertional level, except she could not perform work requiring binocular vision, and that plaintiff could perform simple, repetitive tasks requiring limited public contact. (Tr. 34-37.) ALJ Schellentrager discussed plaintiff's testimony and concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." (Tr. 35.) The decision also included more analysis of the medical evidence at this step. Next, at step four in the sequential disability determination, ALJ Schellentrager found that plaintiff could perform her past relevant work as a flagger (Tr. 37-38), and hence, was not disabled (Tr. 38).

The Appeals Council denied review of the September 16, 2008 decision by ALJ Schellentrager (Tr. 8-11), thus the September 16, 2008 decision is the final decision of the Commissioner subject to judicial review. 20 C.F.R. § 422.210(a); see also Sims v. Apfel, 530

U.S. 103, 107 (2000). On March 4, 2010, plaintiff filed the underlying complaint. (ECF No. 3.) In her opening brief (ECF No. 11), plaintiff contends that the decision of ALJ Schellentrager should be reversed for the following alleged errors:

1. ALJ Schellentrager failed to evaluate properly the lay evidence.

2. ALJ Schellentrager failed to evaluate properly the medical evidence.

3. ALJ Schellentrager failed to evaluate properly plaintiff's testimony.

4. ALJ Schellentrager erred in failing to find any functional limitations due to plaintiff's severe headaches and hypertension.

5. ALJ Schellentrager erred in her findings regarding plaintiff's residual functional capacity and in her hypothetical to the Vocational Expert, as it failed to include all limitations and incorporated an erroneous residual functional capacity.

6. ALJ Schellentrager erred in finding that plaintiff could return to her past relevant work as a flagger.

(ECF No. 11.) Plaintiff also contends the following:

1. Plaintiff is entitled to a direct award of benefits.

2. The new and material evidence submitted to the Appeals Council supports reversal and remand.

3. If the court chooses the remedy of reversing and remanding, the case should be assigned to a different ALJ because of ALJ Schellentrager's alleged bias.

(ECF No. 11.)

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (*citing* Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Act defines disability as the

"inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell, 161 F.3d at 601). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see Richardson v. Perales, 402 U.S. 389, 401 (1971).

DISCUSSION

1.   The ALJ erred by failing to evaluate properly the lay evidence.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). Lay witness testimony "is competent evidence and 'cannot be disregarded without comment.'" Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (*quoting* Nguyen v.

Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)). Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Bruce, 557 F.3d at 1115; Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Nguyen, 100 F.3d at 1467 (*citing* Dodrill, 12 F.3d at 919). "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

On February 28, 2001, Angela Price, plaintiff's daughter, executed a declaration in which she provided lay evidence regarding plaintiff's condition. (Tr. 221.) She indicated that she saw plaintiff on a daily basis, and opined that plaintiff suffered "significant problems with pain." She also indicated that plaintiff "has problems bending [and] . . . . a problem holding onto objects with her right arm." She further indicated that plaintiff "can only sit or stand for short periods of time, and has to lie down sometimes on the floor to relieve the pain." According to Ms. Price, she helps plaintiff "with housework, shopping and driving." Finally, she indicated plaintiff's "significant problem" with migraines. (Id.)

On February 23, 2007, Marjorie Mayer executed a declaration in which she provided lay evidence regarding plaintiff's condition. (Tr. 222.) She indicated that she saw plaintiff two to three days a week until moving to Hawaii on February 4, 2007. Ms. Mayer indicated that plaintiff "constantly changes position" because of pain, "has problems standing" and "also drops things with her hands." She declared that plaintiff "has to lie down either in a recliner, on a couch, or on a bed during the day." She also included her observation that plaintiff "is depressed." (Id.)

ALJ Schellentrager neglected to mention any of the lay evidence. This was legal error. See Stout, 454 F.3d at 1053; Bruce, 557 F.3d at 1115. Defendant contends that ALJ Schellentrager committed no legal error because she "incorporated [ALJ DeLaittre's decision] by reference", and because the lay testimony was part of ALJ DeLaittre's extensive credibility analysis. (ECF No. 20, at p. 17.) ALJ Schellentrager's decision includes the statements "Judge DeLaittre included an extensive credibility analysis in his decision. I concur with his finding that claimant has limited credibility." (Tr. 35.) While this remark addresses claimant's credibility, there is no indication that ALJ Schellentrager considered and incorporated ALJ DeLaittre's analysis of the lay testimony. The court concludes that this reference does not amount to "expressly determin[ing] to disregard [the lay] testimony and giv[ing] reasons germane to each witness for doing so." See Bruce, 557 F.3d at 1115. Because the court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [lay] testimony, could have reached a different disability determination," this legal error is not harmless. See Stout, 454 F.3d at 1056. Therefore, the case should be reversed and remanded to the Administration for further consideration.

    2.    <u>On remand, the new evidence submitted to the Appeals Council should be considered.</u>

Plaintiff contends that the new and material evidence submitted to the Appeals Council supports reversal and remand. The new evidence includes treatment records and plaintiff's "physician authorization to engage in the use of marijuana" (Tr. 798-99), and is relevant. (Tr. 692-802.) This court already has concluded that this case should be remanded to the Administration for proper consideration of the lay evidence, therefore, the new evidence should be considered on remand.

     3.     <u>ALJ Schellentrager failed to evaluate properly the medical evidence.</u>

Plaintiff contends that ALJ Schellentrager failed to evaluate properly the medical evidence, specifically the findings and opinions of state agency (DDS) psychologists Drs. Clifford and Eather, as well as improperly rejecting the evidence provided by Drs. Powell, Bremer, Norris and Cosgrove.

Regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in h[er] decision the weight given to such opinions." <u>Sawyer v. Astrue</u>, 303 Fed. Appx. 453, 455, 2008 U.S. App. LEXIS 27247 at **3 (9th Cir. 2008) (citations omitted) (unpublished opinion) ("[t]he ALJ's failure to consider the opinions of state agency consultants Salinas and Dr. Pritchard is not harmless . . . . the error here is directly relevant to the ultimate issue"). According to Social Security Ruling (hereinafter "SSR") 96-6p, "Administrative law judges . . . . may not ignore the[] opinions [of state agency medical and psychological consultants] and *must* explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *2 (emphasis added). This ruling also provides that "the [A]dministrative law judge or Appeals Council *must* consider and evaluate any assessment of the individual's RFC by State agency medical or psychological consultants," and said assessments "are to be considered and addressed in the decision." <u>Id.</u> at *4 (emphasis added). Likewise, SSR 96-5p, provides that State agency "medical and psychological consultant findings about the nature and severity of an individual's impairment(s), including any RFC assessments, become opinion evidence," and "administrative law judges . . . . *must* address the[se] opinions in their decisions." SSR 96-5p, 1996 WL 374183 at *6 (emphasis added).

The only reference made to the opinion of the state agency medical consultants in ALJ Schellentrager's decision is the following: "With regard to opinion evidence, the State agency medical consultant found that the claimant could perform medium work and that she had limited depth perception because of the right eye impairment." (Tr. 36.) ALJ Schellentrager did not discuss any other findings of the state agency consultants, such as the finding of plaintiff's "inflexible and maladaptive personality traits which cause either significant impairment in social or occupational functioning or subjective distress, as evidenced by . . . . pathological dependence, passivity, or aggressivity [as well as by] intense and unstable interpersonal relationships and impulsive and damaging behavior." (Tr. 230.) Although ALJ Schellentrager referenced the residual functional capacity determination made by the state agency medical consultants in her decision (Tr. 36, 241-46), she did not evaluate the opinion nor "explain in h[er] decision the weight given to [this] opinion[]." Sawyer, 303 Fed. Appx. at 455.

The opinion of the state agency medical consultants relates directly to the disputed issue of whether or not plaintiff's severe impairments are of such severity that she is unable to do her previous work or any other substantial gainful activity existing in the national economy. Therefore, the court cannot conclude that ALJ Schellentrager's failure to state or explain the weight she gave to the state agency medical consultants' opinion is harmless error. See Sawyer, 303 Fed. Appx. at 455; see also SSR 96-6p, 1996 WL 374180 at *2; SSR 96-5p, 1996 WL 374183 at *6. This constitutes a second reason to reverse and remand this case to the Administration for further consideration.

Plaintiff also contends that ALJ Schellentrager failed to evaluate properly the medical evidence provided by Drs. Powell, Bremer, Norris and Cosgrove. As this case should be remanded for further consideration, the Administration should be allowed the opportunity to

REPORT AND RECOMMENDATION - 9

reconsider properly the lay evidence, as well as the opinion evidence provided by the state agency medical consultants, and to incorporate this properly considered evidence into a new interpretation of the record as a whole. In addition, on remand, the Administration also will have the opportunity to incorporate the new evidence submitted by plaintiff to the Appeals Council. See supra, p. 7; (see also Tr. 692-802). As a result, the Administration may reach different conclusions regarding the medical opinion evidence provided by Drs. Powell, Bremer, Norris and Cosgrove. This is especially the case as ALJ Schellentrager's decision specifically relied on some of these clinician's ignorance of plaintiff's marijuana use as a reason to give less weight to the opinion, and the new evidence includes plaintiff's "physician authorization to engage in the use of marijuana," plaintiff's assertion that she only uses marijuana in the evenings, and other medical evidence. (See Tr. 692-802.) The Administration should be given the opportunity to consider the new evidence and to weigh all of the medical opinions anew.

    4.    <u>On remand, the Administration should consider anew plaintiff's credibility.</u>

Plaintiff contends that the decision did not contain a proper analysis of plaintiff's testimony. However, as already discussed, this case should be remanded to the Administration for further consideration. In addition, ALJ Schellentrager relied heavily on plaintiff's marijuana use, and the sometimes undisclosed nature of such use, in her findings regarding plaintiff's credibility. As the new evidence includes plaintiff's physician authorization regarding marijuana (Tr. 798-99), it is appropriate to allow ALJ Schellentrager the opportunity to consider the new evidence (Tr. 692-802), as well as incorporate the proper consideration of the lay evidence and the state agency medical consultants' opinion, into her findings regarding plaintiff's credibility.

5. <u>On remand, the ALJ should reconsider whether or not plaintiff had any functional limitations due to headaches and hypertension.</u>

Plaintiff contends that it was legal error for the ALJ to fail to find that plaintiff had functional limitations as a result of her headaches and hypertension. As this case should be remanded to the Administration, and will involve consideration of new evidence on remand, the ALJ should make new findings and conclusions relevant to the five steps in the sequential disability evaluation process.

6. <u>Similarly, the ALJ should reconsider plaintiff's residual functional capacity and whether or not plaintiff can return to her past relevant work as a flagger.</u>

Although plaintiff contends that ALJ Schellentrager erred in her findings regarding plaintiff's residual functional capacity, as this case should be remanded to the Administration, the ALJ should be allowed an opportunity to consider all of the evidence as a whole and to incorporate the new evidence and the properly reconsidered evidence into the determination regarding plaintiff's residual functional capacity. Likewise, the ALJ should be allowed an opportunity to evaluate anew the determination regarding whether or not plaintiff can return to her past relevant work as a flagger.

7. <u>It is not appropriate to remand with a direction to award plaintiff benefits.</u>

The Ninth Circuit has established a "test for determining when evidence should be credited and an immediate award of benefits directed." <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

<u>Harman</u>, 211 F.3d at 1178 (*quoting* <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292. There is a large volume of medical and other evidence, including new evidence, and there is little in the record that is not contradicted. Some of these contradictions have been discussed by ALJ Schellentrager in her decision. (Tr. 32-37.) In addition, as discussed by ALJ Schellentrager, the medical opinion evidence contains ambiguities and conflicts. (Id.) Dr. Powell opines that "I doubt she will ever be employable[1]" (Tr. 480), while Dr. Virjl opines that plaintiff "is not exempt from all work activity" (Tr. 245).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing* Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980))).

Therefore, remand is appropriate to allow the Administration the opportunity to consider properly all of the lay and medical evidence as a whole and to incorporate the properly considered lay and medical evidence, along with the new evidence, into the consideration of plaintiff's credibility and residual functional capacity. See Sample, 694 F.2d at 642. Remanding the matter will allow the Administration the opportunity not only to reconsider its decisions at steps three through five of the sequential disability evaluation, but also to consider fully the evidence plaintiff submitted to the Appeals Council.

---

[1] However, Dr. Powell also indicates that plaintiff "is very demanding and tends to develop new physical complaints on a regular basis." (Tr. 480.)

REPORT AND RECOMMENDATION - 12

        8.      <u>The case need not be assigned to a different ALJ due to bias.</u>

Administrative Law Judges, ALJs, "are presumed to be unbiased." <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001). To rebut this presumption, one must show a "conflict of interest or some other specific reason for disqualification." <u>Id.</u> at 857-58 (*citing* <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999)). Although ALJs occasionally can reveal irritation or anger, "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women … sometimes display,' do not establish bias." <u>Rollins</u>, 261 F.3d 858 (*quoting* <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994)).

Plaintiff's contention of bias by ALJ Schellentrager is based mainly on her alleged "persecution" of plaintiff for plaintiff's use of marijuana. (<u>See</u> Tr. 667, 671, 676-77, 684, 686, 689.) Plaintiff has not established any reason for the disqualification of ALJ Schellentrager. <u>See</u> <u>Rollins</u>, 261 F.3d 857-58. While ALJ Schellentrager may have questioned plaintiff's credibility based on her testimony regarding marijuana use, there is no indication that ALJ Schellentrager acted inappropriately or based her decision on bias.

## CONCLUSION

On remand, the ALJ should consider properly the lay witness evidence and the medical evidence, as well as consider the new evidence, all of which may affect the ALJ's finding at step three. Therefore, for the aforestated reasons, the court should reverse and remand the matter to the Administration for further consideration, beginning at step three.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

REPORT AND RECOMMENDATION - 13

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 4**,**

2  2011, as noted in the caption.

3        Dated this 12th day of January, 2011.

                                                 /s/ J. Richard Creatura

                                                 J. Richard Creatura
                                               United States Magistrate Judge

REPORT AND RECOMMENDATION - 14